IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERONE PRYOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0146-WS-M |
| | ) |
| POSNER-VOLPER COMPANY, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

The entity defendant ("Posner") has filed a Rule 12(b)(6) motion to dismiss Counts One and Two, which assert causes of action under Title VII. (Doc. 12). The asserted ground is that the plaintiff failed to file his complaint within the 90-day period provided by 42 U.S.C. § 2000e-5(f)(1). (Doc. 13).

The complaint was filed on April 7, 2016. (Doc. 1). The EEOC's right-to-sue letter is dated January 4, 2016 and states that it was mailed the same date. (Doc. 1-1). Posner correctly notes that there are 94 days between these two dates. Posner recognizes that the 90-day period does not run from the date of mailing but "'only upon actual receipt,'"[1] but Posner points out that, "[w]hen the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail …." *Kerr v. McDonald's Corp*., 427 F.3d 947, 953 n.9 (11th Cir. 2005). Posner concludes from these circumstances that it is "painstakingly clear" that the complaint was filed at least 91 days after the plaintiff received the right-to-sue letter.

The complaint, however, expressly alleges that, "[o]n January 8, 2016, Plaintiff received from the EEOC his notice of right to sue." (Doc. 1 at 2, ¶ 7). If

---

[1] (Doc. 13 at 3 (quoting *Franks v. Bowman Transportation Co*., 495 F.2d 398, 404 (5th Cir. 1974)).

this allegation is correct, the complaint was filed on the 90th day thereafter and is thus timely. Posner acknowledges that "the court must assume that all the factual allegations set forth in the complaint are true," (Doc. 13 at 2), but it then dismisses the plaintiff's quintessentially factual allegation regarding receipt as an "unsubstantiated recital" due to be disregarded under the authority of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Doc. 13 at 3-4). *Iqbal*, however, requires only plausible factual allegations, *id*. at 678, and anyone with any experience with the postal service knows that a four-day delivery period is more than plausible. Nor is it implausible that a plaintiff would know the day he received such a mailing.

"Not surprisingly, our cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *LaGrasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotes omitted). Because the complaint plausibly alleges receipt of the right-to-sue letter within 90 days before the complaint was filed, the face of the complaint does not demonstrate that Counts One and Two are time-barred.

For the reasons set forth above, Posner's motion to dismiss is **denied**.

DONE and ORDERED this 1st day of June, 2016.

                               s/ WILLIAM H. STEELE
                               CHIEF UNITED STATES DISTRICT JUDGE